**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **Glynndeavin von Fox,** ) | Case No. 2:16-cv-97-RMG-MGB |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Arizona State University,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| _____ ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the first of many civil actions filed recently in this Court, Plaintiff sues defendant Arizona State University, complaining about the exams and grading in two of his academic classes. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[1] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

**I.  Relevant Law**

    **A. Liberal Construction for *Pro se* filings**

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v.*

---

[1] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

*Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because

her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

In his IFP motion filed on January 11, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that as of January 10, 2016, he had $1,000.00 in his bank account. (*Id*. ¶ 4). [2] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).[3]

---

[2] In the many different cases filed by Plaintiff in this Court so far in 2016, his twenty-one different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp*., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

[3] In other IFP motions recently filed in this Court, Plaintiff indicates the $140,000.00 valuation is for "real estate and stocks." *See, e.g.,* D.S.C. Case No. 2:16-cv-181, DE# 3.

Plaintiff indicates he has no debts or other financial obligations. (*Id.* ¶ 8). Although Plaintiff indicates in the IFP motion that he pays $130.00 monthly for his cell phone, $2,000.00 for tuition, $100.00 for property taxes and insurance, and $800.00 for support of two dependents (*Id*. ¶¶ 6-7), the Court's docket reflects that Plaintiff indicated in subsequent IFP motions in other civil actions filed on or after January 11, 2016 (the day after the present lawsuit was filed) that he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses." See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which indicates that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id*. at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4]

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288

The Complaint is also subject to dismissal because it is frivolous and fails to state a claim for which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i, ii).[5] The United States Supreme Court has explained that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S 319, 325 (1989).

Plaintiff's allegations about his two school exams and the "grading rubric," even when liberally construed, lack an arguable basis either in law or in fact. *See, e.g., Lewin v. Cooke,* 95 F.Supp.2d 513 (E.D.Va. April 28, 2000) (dismissing case about grading and allegedly defective exam questions because such claims "are wholly frivolous"), *affirmed by* 28 F.App'x 186 (4th Cir. Jan. 07, 2002), *cert. denied*, 537 U.S. 881 (2002). Plaintiff cites no statute or other federal law that would provide any basis for a cause of action, nor does he allege any facts that could be reasonably construed to set forth a plausible claim. *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were legally and factually frivolous); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (dismissing case on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were frivolous and failed to state a claim for relief).

---

F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

[5] The United States Supreme Court has observed that courts possess the inherent authority to dismiss a frivolous case, even in cases where a plaintiff has paid the filing fee. *Mallard v. U.S. District Court*, 490 U.S. 296, 307-308 (1989).

Moreover, the relief the *pro se* Plaintiff seeks would not be available or appropriate. (DE# 1 at 7, ¶ IV "Relief," asking for "my full tuition reimbursed …, grades changed to above a 3.0 GPA, and $1.7 million in damages in monetary means, or property in the Financial District of Manhatten, NYC of equal share, or an equal amount in Lockheed Martin (LMT) NYSE stock.").

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 11, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).